UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv405-FDW

| KEITH CURETON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| FRANK L. PERRY,[1] | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon initial review of Petitioner Keith Cureton's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.     PROCEDURAL HISTORY**

Petitioner is a prisoner of the State of North Carolina. On August, 20, 2015, Petitioner signed and placed the instant § 2254 petition in the Foothills Correctional Institution's mail system. (Pet. 15, Doc. No. 1.) It was received and docketed in this Court on September 1, 2015. On September 2, 2015, the Clerk of Court mailed Petitioner a notice of deficiency alerting him that he was required to pay a $5.00 filing fee or file an application to proceed without prepayment of fees and affidavit of indigency. On December 29, 2015 a second notice of deficiency was sent to Petitioner at Alexander Correctional Institution, where he had been transferred. (Doc. No. 2.) Petitioner was provided twenty-one (21) days to pay the $5.00 filing

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Frank L. Perry, Secretary of the Department of Public Safety, has been substituted for the State of North Carolina as Respondent in this action.

fee or file an application to proceed without prepayment of fees and affidavit of indigency. As of the filing of this Order, Petitioner has done neither.

**II.     DISCUSSION**

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave to proceed without prepayment of fees and costs. To establish an inability to pay, the petitioner must provide the court with an affidavit of indigency and "a certified copy of the trust fund account statement (or the institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Petitioner has had more than sufficient time to comply with 28 U.S.C. § 1915(a)(2), but has failed to do so. Therefore, the Court will dismiss the habeas petition without prejudice to Petitioner's ability to refile it, along with the $5.00 filing fee or an application to proceed without prepayment of fees and affidavit.

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**.

Signed: August 23, 2016

Frank D. Whitney
Chief United States District Judge

2